O’SCANNLAlN, Circuit Judge,
concurring in part and dissenting in part:
While I concur in the decision on the merits, I respectfully dissent from Part III, “Reassignment upon Remand.” The district court’s argument that past trial outcomes verify his ability to predict what a reasonable jury can find is certainly “highly unusual.” It is also logically incoherent. Whether a specific jury finds for one party does not indicate that every reasonable jury would so find. Nevertheless, I disagree that the trial court’s inappropriate comment “call[s] for the extraordinary measure of reassignment.” McSherry v. City of Long Beach, 423 F.3d 1015, 1023 (9th Cir. 2005).
‘We have reassigned cases based upon the ‘appearance of justice’ in few situations .... The common thread in these cases is that the district court’s expressions of frustration with an attorney or party somehow appeared to affect his or her handling of the substantive issues in the case.” State of Cal. v. Montrose Chemical Corp. of California, 104 F.3d 1507, 1521 (9th Cir. 1997). Judge Jones believes that he has predicted many trial outcomes, but that does not mean he would interfere with a trial to maintain his record. Reading such an impulse into his language assumes bad faith where none has been suggested.
Because there is no evidence that the district court’s previous verbal excesses *714 would affect its rulings during trial, the request for reassignment should be denied. Compare Krechman v. County of Riverside, 723 F.3d 1104, 1111-12 (9th Cir. 2013) (deciding not to reassign because judge’s off-color comments about an expert’s credibility did not indicate that the judge would be unable to apply the correct standard on remand) and California v. Montrose Chem. Corp., 104 F.3d 1507, 1521-22 (9th Cir. 1997) (deciding not to reassign because judge’s repeated references to environmental scientists as “pointy heads” and “so-called experts” did not impact his substantive decisions) with United States v. Jacobs, 855 F.2d 652, 656-57 (9th Cir. 1988) (deciding to reassign where trial judge criticized the government’s handling of the case in the jury’s presence, offered strategic advice to one defendant, dismissed indictment in error, refused to reassemble the jury when the mistake was discovered two minutes later, and allowed defendants to file an untimely motion to dismiss).